THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALMA MARIE DALE,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN COLVIN,<br><br>   Defendant. | CASE NO. C13-1038-JCC<br><br>ORDER |

The Court, having reviewed Plaintiff's Complaint (Dkt. No. 3), the Report and Recommendation ("R&R") of U.S. Magistrate Judge James P. Donohue (Dkt. No. 24), Plaintiff's objections (Dkt. No. 25), and the remaining record, hereby ADOPTS the R&R.

## I. BACKGROUND

Plaintiff's application for disability benefits was denied initially and on reconsideration. (Dkt. No. 3 at 2.) Following a hearing on September 13, 2011, the Administrative Law Judge ("ALJ") affirmed the denial. (*Id.*) Plaintiff exhausted her administrative remedies and sought review of the Commissioner's decision in this Court. Magistrate Judge Donohue recommended affirming the Commissioner's decision. (Dkt. No. 24.)

## II. DISCUSSION

### A. Standard of Review

The Court reviews *de novo* the sections of a magistrate judge's report to which a party

objects. *See* 28 U.S.C. § 636(b)(1). The Court will not overturn the Commissioner's final decision if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tommasetti v. Astrue*, 533 Fl3d 1035, 1038 (9th Cir. 2008) (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)). It need not be a preponderance of the evidence but must be more than a mere scintilla. *See id.* (citing *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003)).

"Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Id.*; *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). The ALJ's credibility findings must be supported by specific, cogent reasons. *See Gregor v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

**B.    Medical Opinions**

The Court agrees with Plaintiff that the inconsistencies between the medical opinions in this case resemble those in *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999). Plaintiff, however, cites the dissenting opinion and thus incorrectly concludes that the court rejected the inconsistencies in that case. (Dkt. No. 25 at 7 (citing *Morgan*, 169 F.3d at 605 (Noonan, J., dissenting)). The controlling opinion, however, recognized that the medical reports did not show how Plaintiff's symptoms translated into "specific functional deficits," and noted that specific examples of, for example, the plaintiff's ability to express himself could undermine the examining psychologist's opinion. *See id.* at 601. Where the reports found different levels of depression and improvement with medication, the court concluded that the reports were inconclusive at best. *See id.* That inconclusive evidence was "susceptible to more than one rational interpretation," so the court upheld the ALJ's opinion. *Id.* The *Morgan* court also found that the ALJ properly rejected medical opinions "in part because those opinions were premised on [the plaintiff's] subjective complaints," which the ALJ had discounted. *Id.* at 602.

Similarly, here, the ALJ discounted opinions in part because they were based on subjective complaints that he had already found lacked credibility.[1] Also similarly, the reports are "susceptible to more than one rational interpretation," *id.*, so it is appropriate to uphold the ALJ's opinion. *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (court must defer to Commissioner's decision if "evidence exists to support more than one rational interpretation").

Moreover, some of Plaintiff's objections misrepresent the record. For example, the Magistrate Judge recognized that Dr. Sandman's description of Plaintiff's functional limitations included no observations; Plaintiff argues that the Magistrate Judge erred by pointing to other sections of the report where Dr. Sandman included minimal observational findings. (Dkt. No. 25 at 5.)

### III.  CONCLUSION

For the foregoing reasons, the R&R is ADOPTED (Dkt. No. 24) and the decision of the Commissioner is AFFIRMED.

DATED this 11th day of April 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does not discuss the ALJ's finding that she lacked credibility; after examining the transcript, this Court sees no fault with that finding.

ORDER
PAGE - 3